IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) ) ) CIVIL ACTION NO. ) ) COMPLAINT ) ) JURY TRIAL DEMAND ) ) ) ) ) ) ) ) ) |
| **Plaintiff,** | |
| v. | |
| **ROSEBUD RESTAURANTS, INC.** | |
| **Defendant.** | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and retaliation and to provide appropriate relief to Tina Rosenthal. As alleged with greater particularity in paragraphs 11 and 12 below, Defendant Rosebud Restaurants, Inc. (Defendant or Rosebud) discriminated against Rosenthal by subjecting her to sexual harassment and by terminating her employment in retaliation for her engaging in protected opposition to unlawful employment practices.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

1

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois and the City of Chicago, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Tina Rosenthal filed a charge with the Commission alleging violations of Title VII by Rosebud.

7. On March 28, 2017, the Commission issued to Rosebud a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the letter of determination.

9. Thereafter, the EEOC determined that it was unable to secure from Defendant a conciliation agreement acceptable to the EEOC, and on September 11, 2017, issued to Defendant a notice of failure of conciliation.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. From at least in or about July 2013 to November 2013, Rosebud engaged in unlawful employment practices at its Centro restaurant, in violation of Section 703 Title VII, 42 U.S.C. 2000(e)-2(a)(1). Rosebud subjected Tina Rosenthal, a server who worked at Centro, to a hostile work environment based on her sex, female, including subjecting her to unwelcome and offensive sexual comments, propositions, and touching by a co-worker. Rosebud negligently failed to prevent and/or remedy the harassment of Rosenthal.

12. In November 2013, Rosebud engaged in unlawful employment practices at its Centro restaurant, in violation of Section 704 Title VII, 42 U.S.C. 2000(e)-3(a), by firing Rosenthal for engaging in protected opposition to unlawful employment practices. Her protected opposition included, but is not limited to, notifying Rosebud management that she had been sexually harassed and objecting to offensive comments she heard Rosebud employees make about African-Americans. Rosebud terminated Rosenthal's employment, while retaining other servers with similar or worse performance than Rosenthal who had not engaged in protected activity.

13. The effect of the practices complained of in paragraphs 11 and 12 above has been to deprive Rosenthal of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and protected activity.

14. The unlawful employment practices complained of in paragraphs 11 and 12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 11 and 12 above were done with malice or with reckless indifference to the federally protected rights of Rosenthal.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officer, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and those who engage in protected opposition under Title VII and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Tina Rosenthal, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative

relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

      E.      Order Defendant to make whole Rosenthal by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 and 12 above, including medical expenses and relocation expenses, in amounts to be determined at trial.

      F.      Order Defendant to make whole Rosenthal by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11 and 12 above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

      G.      Order Defendant to pay Rosenthal punitive damages for its malicious and reckless conduct, as described in paragraphs 11 and 12 above, in amounts to be determined at trial.

      H.      Grant such further relief as the Court deems necessary and proper in the public interest.

      I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

September 20, 2017                    JAMES L. LEE
                                        Deputy General Counsel

                                        GWENDOLYN YOUNG REAMS
                                        Associate General Counsel

                                        U.S. Equal Employment Opportunity Commission
                                        131 M. Street, N.E.
                                        Washington, D.C. 20507

GREGORY M. GOCHANOUR
Regional Attorney

Diane Smason
Supervisory Trial Attorney

 s/ Ann Henry
Trial Attorney

U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8098
ann.henry@eeoc.gov
ARDC # 6272394