**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Case No. 17-cv-6815 |
| v. | Judge John Robert Blakey |
| ROSEBUD RESTAURANTS, INC., | |
| Defendant. | |

**CONSENT DECREE**

THE LITIGATION

1. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Rosebud Restaurants, Inc. ("Rosebud" or "Defendant") engaged in unlawful employment practices at a former restaurant location, Centro, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), when it subjected Tina Rosenthal ("Rosenthal") and a class of individuals to sexual harassment and retaliated against Rosenthal, only, by terminating her employment after she complained of discrimination. The EEOC identified one other individual, Rhonda Teven, as a member of the class.

2. Defendant filed its Answer on June 6, 2018, in which it denied the allegations in the Amended Complaint, which related to alleged conduct that occurred in 2013 and early 2014. This Consent Decree shall not constitute either an adjudication or finding on the merits of the Amended Complaint or Defendant's

defenses and shall not be construed as an admission by any party of the claims or defenses of any other party.

3. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and Rosebud have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree"). The EEOC will not use the underlying Charge relating to this lawsuit as the jurisdictional basis for filing any other lawsuit or lawsuits against Defendant and this Decree is intended to be the complete resolution of such Charge and of this lawsuit.

4. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint and Amended Complaint filed by the EEOC and shall be binding on the EEOC, Rosebud, and Rosebud's directors, officers, employees, successors, and assigns.

## FINDINGS

5. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

(a) This Court has jurisdiction over the subject matter of this action and the parties;

(b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

(c) The rights of the parties, Rosenthal, Teven, and the public are adequately protected by this Decree;

(d) This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person; and

(e) Entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, Rosenthal, Teven, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

INJUNCTION AGAINST DISCRIMINATION AND RETALIATION

6. Rosebud, its directors, officers, agents, employees, successors, and assigns are hereby enjoined from: (1) subjecting any employee to harassment on the basis of sex in violation of Title VII; and (2) engaging in any form of retaliation against any person because such person has opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

MONETARY RELIEF

7. Within twenty-one (21) calendar days of the approval of this Decree by the District Court or within twenty-one (21) calendar days after Rosebud receives the Release, attached as **Exhibit A**, signed by Rosenthal, whichever is later, Rosebud shall pay Rosenthal the gross sum of $130,000.00 as back wages and compensatory damages. Of the gross sum, $20,000.00 shall be designated as back wages, and $110,000.00 shall be designated as damages. The amount designated as back wages shall be subject to any required tax withholdings and deductions, for which Rosebud shall issue an IRS Form W-2 to Rosenthal. Rosebud may not deduct the employer's

share of applicable taxes from the amount to be paid to Rosenthal. Rosebud shall issue an IRS Form 1099 to Rosenthal for the amount designated as compensatory damages. No deductions shall be made with respect to the amount designated as compensatory damages. Rosebud shall send Rosenthal payment by check via Certified or Registered Mail. Contemporaneously, Rosebud shall submit a copy of the check(s) to EEOC.

      8.     Within twenty-one (21) calendar days of the approval of this Decree by the District Court or within twenty-one (21) calendar days after Rosebud receives the Release, attached as **Exhibit B** signed by Teven, whichever is later, Rosebud shall pay Teven the gross sum of $30,000.00 as compensatory damages. Rosebud shall issue an IRS Form 1099 to Teven for the amount designated as compensatory damages. No deductions shall be made with respect to the amount designated as compensatory damages. Rosebud shall send Teven payment by check via Certified or Registered Mail. Contemporaneously, Rosebud shall submit a copy of the check to EEOC.

      9.     If any portion of the monetary relief is not issued and mailed to Rosenthal or Teven within the time period provided above after the approval of this Decree by the District Court or after Rosebud receives a Release, attached as **Exhibits A and B**, signed by Rosenthal or Teven, whichever is later ("Unpaid Amount"), then Rosebud shall pay to Rosenthal or Teven, in the manner set forth

above, $50 for each business day that the payment of monetary relief is late to Rosenthal or Teven.

## POLICIES AGAINST HARASSMENT AND RETALIATION

10. Within sixty (60) days of the date of the entry of this Decree, Rosebud shall review its policies against discrimination and retaliation and revise them, if necessary, so that such policies include, at minimum, the following:

    a. A prohibition against sexual harassment, including a definition of sexual harassment and examples of behavior that could be considered sexual harassment;

    b. A prohibition against retaliation for complaining about sexual harassment;

    c. A provision that employees can complain of sexual harassment or retaliation to any person in the chain of command above the employee or directly to any human resources personnel; and that any person in the chain of command who received a complaint of sexual harassment or retaliation above the person who made the complaint must report the complaint to the general manager of the restaurant and/or any human resources personnel;

    d. A provision that employees are not required to complain of sexual harassment or retaliation to a person against whom they allege discrimination, harassment, or retaliation;

    e. A provision that managers who receive a complaint of sexual harassment or retaliation, or who witnesses or otherwise becomes aware of sexual harassment or retaliation, must report the conduct up the chain of command and/or to Human Resources.

  f. A provision that an employee found to have engaged in sexual harassment, will be subject to discipline, up to and including termination;

  g. A provision that Rosebud will protect the confidentiality of harassment and retaliation complaints to the extent possible;

  h. A provision that employees who complain of sexual harassment or retaliation or provide information related to such complaints will not be retaliated against and that employees engaging in retaliation will be subject to discipline, up to and including termination; and

  i. A provision that, promptly upon the conclusion of its investigation of a complaint, Rosebud will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

 11. The inclusion of Paragraph 10 in the Decree does not represent EEOC's or the Court's approval of Rosebud's policies against sexual harassment or retaliation.

 12. Within sixty (60) days of entry of the Decree, Rosebud shall provide the EEOC with the Policies required by Paragraph 10 above. The EEOC will have twenty-one (21) calendar days to comment on the Policies. Rosebud must consider any suggestions made by EEOC with respect to their Policies. After the EEOC has commented, and there is no dispute regarding the comments, Rosebud shall provide a hard copy of its policy to all its employees. Thereafter, Rosebud shall make its anti-harassment and anti-retaliation policies available to new hires upon hire.

## TRAINING

13.     During the term of this Decree, Rosebud shall provide annual training to all employees regarding Title VII's prohibition on sexual harassment and retaliation. All managers and human resources personnel shall attend an annual separate in-person training session for such employees designed to cover their responsibilities under Title VII. If any managers or human resources personnel are unable to attend an in-person training session, or work at any future location of Defendant's located outside the state of Illinois, such managers and human resources personnel may view a video of the in-person training provided to other managers and human resources personnel. The first training shall take place no later than sixty (60) days after entry of the Decree. Rosebud shall provide training at least once every twelve (12) months for the duration of the Decree, with each training taking place within sixty (60) calendar days of each anniversary following entry of this Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

14.     Rosebud shall obtain the EEOC's approval of its proposed outside/independent trainer(s) and the proposed training content and materials before the commencement of any training session required under Paragraph 13, above. Rosebud shall submit the name(s), address(es), telephone number(s), resume(s) and training proposal of its proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to the EEOC at least thirty (30) calendar days prior to the proposed date of each training session.

EEOC shall have seven (7) business days from the date it receives the information described above to accept or reject the proposed trainer(s), training proposal, and/or training materials. In the event the EEOC does not approve Rosebud's proposed trainer(s), training proposal, and/or training materials, Rosebud shall have fourteen (14) days to identify an alternate trainer(s) and/or make changes to the training proposal and/or training materials. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer(s), proposal, and/or training materials. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph 23, below.

15. The EEOC shall not unreasonably refuse approval of the trainer chosen by Rosebud.

16. No later than fourteen (14) calendar days after each training session described in Paragraph 13, above, takes place, Rosebud shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name and position of all the employees subject to the training requirement; and (d) copies of any and all pamphlets, brochures, outlines, or other

written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC.

17. To the extent that non-management training is conducted in-person by the Trainer, Rosebud shall issue written reports and provide materials to the EEOC on the same terms as addressed in paragraph 16, above; however, to the extent that non-management training is conducted via computer or internet, Rosebud will provide a copy of such training to the EEOC in advance, and shall provide the EEOC with a list of all employees trained using this method as part of the semi-annual report to the EEOC and a list of employees employed during the reporting period who have not received training and a plan for providing training to all such employees.

## POSTING AND DISTRIBUTION OF NOTICE

18. No later than ten (10) business days after entry of this Decree, Rosebud shall post copies of the Notice attached as **Exhibit C** to this Decree in a conspicuous location on a bulletin board or other physical space that is regularly used by Rosebud for posting legal notices concerning employee rights. The Notice shall remain posted in this manner for the term of this Decree. Rosebud shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Rosebud shall permit a representative of the EEOC to enter Rosebud's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice. Nothing in this Paragraph shall be deemed to require Rosebud to post such a notice in a place visible to Restaurant patrons.

19. No later than fifteen (15) business days after entry of this Decree, Rosebud shall certify to EEOC in writing that the Notice has been properly posted and distributed in accordance with Paragraph 18.

## RECORD KEEPING

20. During the term of this Decree, Rosebud shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report by any employee of sexual harassment or retaliation. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) the name and position of all managers or human resources personnel who were made aware of the complaint or report, to the extent known by Rosebud's managers or human resources director; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Rosebud took, and the name and position of all employees who were involved in any such actions taken; and (f) if the complaint or report was made in written form, a copy thereof.

## REPORTING

21. Rosebud shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the

final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

(a) copies of all records described in Paragraph 20, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report), or a certification by Rosebud that no complaints or reports of discrimination were received during that period; and

(b) a certification by Rosebud that the Notice required to be posted pursuant to Paragraph 18 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report.

## DISPUTE RESOLUTION

22. To the extent that the EEOC has reasonable concerns about compliance with the terms of this Decree, Rosebud shall reasonably cooperate with the EEOC to address those concerns by providing documents and information when requested.

23. To the extent that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance in writing (either via letter or e-mail) and shall afford the alleged non-complying party fourteen (14) calendar days to remedy the non-compliance or to the satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fourteen (14) calendar days, the complaining party may apply to the Court for appropriate relief, which may include modification of this Decree.

24. In resolving any dispute with regard to either party's compliance with any provision of this Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for noncompliance.

## TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

25. The terms of this Decree apply to all restaurants in which Rosebud is an owner, shareholder, or member during the duration of the Decree; operated by Rosebud during the duration of the Decree; and/or for which Rosebud provides administrative or management services during the duration of the Decree, except any restaurants that are newly acquired or established during any extension of this Decree for purposes of the Dispute Resolution provisions, above, shall not be bound by the Record Keeping and Reporting provisions in paragraphs 20 and 21, above.

26. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of two (2) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 23, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) for the sole purpose of resolving such disputes, and until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

27. Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

28. Rosebud agrees that it will not condition the receipt of monetary relief on the agreement of Tina Rosenthal or Rhonda Teven to: (a) maintain as confidential the facts and/or allegations underlying the charge, her complaints, or the terms of this Decree; (b) waive any statutory rights to file a charge with any governmental agency; (c) refrain from reapplying for a job with Defendant or any successor of Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

29. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of Rosebud. Prior to any sale or other transfer of Rosebud's business or sale or other transfer of all or a substantial portion of Rosebud's assets, Rosebud shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

30. When this Decree requires a certification by Rosebud of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Rosebud to the best of such officer or management employee's knowledge, information, and belief.

31. Rosebud shall make reasonable efforts to allow personnel within its employ, upon request by the EEOC, to cooperate with and to be interviewed by the EEOC, for purposes of verifying compliance with this Decree.

32. When this Decree requires the submission by Rosebud of reports, certifications, notices, or other materials to the EEOC, they shall be sent by U.S. Mail to Rosebud Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 500 W. Madison St., Ste. 2000, Chicago, IL 60661. By advance agreement of the parties, prior to each submission, materials may alternatively be submitted by electronic mail. With regard to the EEOC's required notifications or communications with Rosebud, such communications shall be sent to Jennifer Naber, Laner Muchin, Ltd, 515 N. State Street, Suite 2800, Chicago, Illinois 60654, jnaber@lanermuchin.com, or another representative as designated by Rosebud in writing to the EEOC.

SO ORDERED, ADJUDGED, and DECREED on this 15th day of October, 2018.

Entered:

_____
John Robert Blakey
United States District Judge

Agreed to in form and content:

For the **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
312-869-8000


/s/ Gregory Gochanour
GREGORY GOCHANOUR
Regional Attorney

For **ROSEBUD RESTAURANTS, INC.**



/s/ David Cascio
Jennifer Naber
David Cascio
Attorneys for Rosebud Restaurants, Inc.
Laner Muchin

515 North State Street, Suite 2800
Chicago, IL 60654

/s/ Diane Smason
DIANE SMASON
Supervisory Trial Attorney


/s/ Ann Henry
ANN HENRY
Trial Attorney


/s/ Richard Mrizek
RICHARD MRIZEK
Trial Attorney

# **EXHIBIT A**

## **RELEASE AGREEMENT**

In consideration of $130,000.00 to be paid to me by Rosebud Restaurants, Inc., in connection with the resolution of *EEOC v. Rosebud Restaurants, Inc.*, No. 17-cv-6815 (N.D. Ill.), I waive my right to recover for any claims of sexual harassment and retaliation arising under Title VII of the Civil Rights Act of 1964 that I had against Rosebud on or before the date of this release and that were included in the claims in EEOC's complaint in *EEOC v. Rosebud Restaurants, Inc.*

Signed: _____  Date: _____
         Tina Rosenthal

# **EXHIBIT B**

### **RELEASE AGREEMENT**

In consideration of $30,000.00 to be paid to me by Rosebud Restaurants, Inc., in connection with the resolution of *EEOC v. Rosebud Restaurants, Inc.*, No. 17-cv-6815 (N.D. Ill.), I waive my right to recover for any claims of sexual harassment and retaliation arising under Title VII of the Civil Rights Act of 1964 that I had against Rosebud on or before the date of this release and that were included in the claims in EEOC's complaint in *EEOC v. Rosebud Restaurants, Inc.*

Signed: _____    Date: _____
       Rhonda Teven

# EXHIBIT C

## **NOTICE TO ROSEBUD EMPLOYEES**

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Rosebud Restaurants, Inc.*, No. 17-cv-6815 (N.D. Ill.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against Rosebud.

In this lawsuit, the EEOC alleged that Rosebud violated Title VII of the Civil Rights Act of 1964 (Title VII) by subjecting a class of female employees, consisting of two individuals, to sexual harassment and retaliating against one employee in 2013 and early 2014 at one of Rosebud's former restaurants. Rosebud filed an Answer in which it denied the allegations.

To resolve this case, EEOC and Rosebud have entered into a Consent Decree requiring, among other things, that:

1. Rosebud will pay monetary relief to the two eligible claimants;

2. Rosebud is enjoined from subjecting employees to sexual harassment;

3. Rosebud is enjoined from retaliating against anyone for making a report or complaint about unlawful employment discrimination or harassment, for filing a charge of discrimination, or for participating in any way in a proceeding under Title VII; and

4. Rosebud will ensure that its policy against discrimination and harassment complies with Title VII and will re-distribute its policy to all employees; and

5. Rosebud will provide training to all employees on the policy and the requirements of Title VII.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment, pregnancy), religion, national origin, age, disability, genetic information, and retaliation. Further information about EEOC and these laws is available on EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001. The EEOC charges no fees.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for two (2) years from the date below and must be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Rosebud Consent Decree Compliance; EEOC – Legal Unit; 500 West Madison Street, Suite 2000; Chicago, Illinois 60661.

Dated: October 12, 2018

_____
John Robert Blakey
United States District Judge